835 F.2d 874
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Willie Henry McCOY, Petitioner-Appellant,
v.
Larry W. HUFFMAN, Warden, Respondent-Appellee.
 No. 87-7673.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 21, 1987.
Decided Nov. 23, 1987.
 
 Willie Henry McCoy, appellant pro se.
 Before MURNAGHAN and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Willie Henry McCoy, a Virginia inmate, brought this 28 U.S.C. Sec. 2254 action seeking review of his convictions for burglary and forcible sodomy on the following grounds: 1) that the prosecutor used his peremptory challenges in a racially discriminatory manner during jury selection, and 2) that he was denied effective assistance of counsel because his lawyer did not immediately object to the prosecutor's efforts to exclude blacks from the jury and because his lawyer did not allow him to take the stand in his own defense. The district court found that McCoy's petition failed to raise new or different grounds from those presented in earlier habeas corpus petitions and, therefore, dismissed the present petition pursuant to Rule 9(b), Rules Governing Section 2254 Cases in United States District Courts.
 
 
 2
 Having carefully examined the record, including McCoy's earlier habeas petition, we do not believe that the present petition is either successive or abusive under Rule 9(b). It does not appear that McCoy has raised these claims before or, indeed, that he had an opportunity to do so, given that the present claim is predicated on a recent change in the law. We, therefore, dispose of McCoy's claims on the merits.
 
 
 3
 McCoy contends that the constitutional validity of his conviction is called into question by two recent Supreme Court rulings: Batson v. Kentucky, 476 U.S. 79 (1986) and Griffith v. Kentucky, 55 U.S.L.W. 4089 (U.S. Jan. 13, 1987) (No. 85-5221). Batson held that criminal defendants may establish a prima facie case of racial discrimination violative of the Fourteenth Amendment solely on evidence concerning the prosecutor's use of peremptory challenges. Griffith held that the Batson ruling applied retroactively to all cases on direct review. McCoy contends that since his lawyer raised the issue of the prosecutor's use of challenges in a sentencing hearing, Batson should be applied retroactively to his cause. However, in Allen v. Hardy, 54 U.S.L.W. 3756 (U.S. June 30, 1986) (No. 85-6593), the Supreme Court squarely held that Batson is not to be applied retroactively to a case on federal habeas corpus review. Therefore, McCoy's claim based on Batson must fail.
 
 
 4
 McCoy's claim of ineffective assistance of counsel is equally without merit. Under the standard of Swain v. Alabama, 380 U.S. 202 (1965), which was the law at the time of McCoy's trial, a prosecutor's use of peremptory challenges was almost immune from constitutional scrutiny. Batson, 476 U.S. at ---. The failure of McCoy's lawyer to make what would almost surely have been a futile objection concerning the prosecutor's behavior was not incompetent or unreasonable. Therefore, McCoy did not receive ineffective assistance of counsel. Strickland v. Washington, 466 U.S. 668 (1984).
 
 
 5
 Finally, McCoy's last claim, which he makes only in passing, that his lawyer did not allow him to take the stand certainly could certainly have been raised in an earlier petition. His attempt to raise it now constitutes abuse of the writ under Rule 9(b). Miller v. Bordenkircher, 764 F.2d 245 (4th Cir.1985).
 
 
 6
 Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument, deny a certificate of probable cause to appeal, and dismiss the appeal.
 
 DISMISSED